87 So.2d 707

**Alghia WILLIAMS**

**v.**

**Heredia Harrell WILLIAMS.**

**Alghia WILLIAMS**

**v.**

**Yolanda WILLIAMS and Heredia Harrell
Williams.**

Nos. 42497, 42499.

May 7, 1956.

Charles Kohlmeyer, Jr., Charles E. Lugenbuhl, New Orleans, Lemle & Kelleher, New Orleans, of counsel, for plaintiff-appellant.

L. L. Burton, New Orleans, for defendants-appellees.

MOISE, Justice.

Plaintiff, Alghia Williams, instituted a suit for divorce against his wife, Heredia Harrell Williams, on the ground of adultery. He filed another suit against his wife and Yolanda Williams, seeking the disavowal of the said Yolanda Williams, who was born during the alleged separation of plaintiff and his wife. From judgments

dismissing both suits, which were consolidated for trial, plaintiff prosecutes this appeal.

In neither suit does the plaintiff allege the date or place of the alleged adultery or the name of the co-respondent.

Defendants deny any acts of adultery. Defendant, Heredia Harrell Williams, avers that there was cohabitation between the husband and wife until April, 1954, less than nine months before the birth of the child, Yolanda Williams, on December 30, 1954.

On the trial of the case plaintiff failed to prove any acts of adultery. He offered evidence to the effect that the defendant, Heredia Harrell Williams, was seen in the company of other men in certain night clubs and other public places, and that on one occasion she was seen entering a hotel with another man. All of this testimony was denied by the defendant, Heredia Harrell Williams

■■ The District Judge, who saw and heard the witnesses, concluded that there was no proof of adultery and accordingly dismissed both suits. Our reading of the record leads us to the same conclusion.

Prior to trial, plaintiff filed a motion asking that an order be entered to require the defendants, Heredia Harrell Williams and Yolanda Williams, to submit to a physical examination involving blood typing or blood grouping. He contends that he is entitled to such an order under the provisions of LSA–Revised Statutes 13:3783, which reads:

"A. In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending or in which the judgment was originally rendered may order him to submit to a physical or mental examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

Plaintiff relies upon the case of Beach v. Beach, 72 App.D.C. 318, 114 F.2d 479, 131 A.L.R. 804, in which the United States Court of Appeals for the District of Columbia (in a decision by divided court) held that an order for such a physical examination in a suit involving paternity was proper under the Federal Rules of Civil Procedure, rule 35(a), 28 U.S.C.A.

■ The Trial Judge denied the requested order, and we believe he was correct.

The provisions of the Louisiana Statutes Annotated–Civil Code on the subject of actions en desaveu are very rigid. Article 184 provides:

"The law considers the husband of the mother as the father of all children conceived during the marriage."

■ This presumption is conclusive, except in certain limited cases. Thus, the husband cannot disown the child even by alleging and proving his natural impotence. See, Article 185, LSA–C.C.

■■ While an action en desaveu may be based upon adultery in certain cases, the father contesting the legitimacy must prove that "the remoteness of the husband from the wife has been such that cohabitation has been physically impossible." See, Article 189, LSA–C.C. Where husband and wife live in the same city, there is not such remoteness as will justify the bringing of an action en desaveu. Feazel v. Feazel, 222 La. 113, 62 So.2d 119; Tate v. Penne, 7 Mart.,N.S., 548; Lejeune v. Lejeune, 184 La. 837, 167 So. 747.

As pointed out in Feazel v. Feazel, supra [222 La. 113, 62 So.2d 120]:

"Under Article 184 of the LSA–Civil Code, the law considers the husband of the mother as the father of all children conceived during the marriage, and it has been said in the jurisprudence of this court that the presumption created by this article is the strongest presumption known in law. In Dejol v. Johnson, 12 La.Ann. 853, it was said that this legal presumption 'can only be rebutted in the mode and within the time prescribed by law.  *  *  *' "

■ It has always been the policy of the Louisiana law to protect innocent children, born during marriage, against scandalous attacks upon their paternity by the husband of the mother, who may be seeking to avoid his obligations, or by third persons unscrupulously claiming the estate of the husband after his death. The restrictive provisions of the Civil Code dealing with the action en desaveu do not authorize the action where it is based solely on blood grouping tests. This is, likewise, true of an action for divorce on the ground of adultery, where it is necessary to prove the time, the place, and the co-respondent.

For the reasons assigned, the judgments of the District Court in both of these cases are affirmed. Plaintiff to pay all costs.