144 So.2d 893 (1962)
Winston J. GILLIES, Jr.
v.
Diane Vinson GILLIES et al.
No. 532.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Rehearing Denied October 15, 1962.
Certiorari Denied November 13, 1962.
Eugene Stanley, New Orleans, for plaintiff-appellant.
Leo L. Dubourg, New Orleans, for Diane Vinson, defendant-appellee.
Charles L. Rivet, New Orleans, for Stephen Gillies, defendant-appellee.
Before YARRUT, MARTINEZ and RICHARDSON, JJ.
JIM W. RICHARDSON, Judge ad hoc.
This is an appeal from Division "G" of the Civil District Court for the Parish of Orleans from an adverse judgment on an exception of no cause or right of action. The plaintiff and the defendant, Diane Vinson, were at one time husband and wife but *894 a decree of divorce from which no appeal was ever taken was rendered by Division B of the Civil District Court of Orleans Parish on February 29, 1960 on the grounds of the parties having lived separate and apart for more than two years prior to the institution of the action for divorce. The period of living separate and apart having started on November 12, 1957 and continued until the date of the judgment of divorce.
The present petition alleges that in view of the aforesaid divorce, the relation between plaintiff and his former wife has been as if they had never been married, that the wife did not contest the cause of action in the divorce suit, that is, living separate and apart for more than two years previous to the filing on February 1, 1960, that the living separate and apart between the present petitioner and his wife started on November 12, 1957 and continued until the date of the said judgment of divorce on February 29, 1960. During said period of more than two years preceding said decree of divorce, petitioner never at any time or on any occasion had access to his wife and that they lived continuously separate and apart as strangers. That since the date of the decree, February 29, 1960, petitioner and his former wife have likewise lived as strangers to each other and that he has had no sexual relations whatever with her.
The former wife gave birth to a male child on December 9, 1960 and the child is still alive. This petition to disavow paternity was filed by the plaintiff on January 9, 1961, that an attempt was made to christen the child in the Lutheran faith under the surname of GilliesStephen Gilliesand that the birth was recorded in the birth records of the City of New Orleans under this name, thus giving to said child a patronymic denoting his membership in petitioner's family and necessarily but wrongly and falsely indicating and creating the impression and conclusion that said child is the son of a father with that surname. The petition further sets out that the petitioner is a complete stranger to said child and it is illegal, damaging and injurious to him that the child's mother, without any reason or justification, and without his consent and even his knowledge should have taken the steps above set forth to give petitioner's patronymic to said child thus creating the most likely public impression now and through the years of this child's life that said child is related to petitioner and that petitioner had some connection with its birth, whereas in truth and in fact, petitioner is a stranger to the child and not connected with its birth in any way, manner or form whatsoever. That the assumption of this relationship with said child is utterly unfounded and in fact unless timely barred and clarified judicially may lead to serious and detrimental injury, imposing on petitioner obligation to which he is not liable in law and from the effect of which he desires to protect himself.
The defendant mother was duly cited, and Charles L. Rivet, Esq., Attorney at Law, was appointed as attorney and tutor ad hoc to defend the minor and defendant, Stephen Gillies.
The defendants filed an exception of no cause of action and no right of action and in memorandum shows that the child whom the plaintiff seeks to disavow was born on December 9, 1960, that judgment of divorce between plaintiff and exceptor herein was rendered on February 23, 1960 and signed on February 29, 1960. The child, therefore, was born less than 300 days from the rendition and signing of the judgment of divorce. In fact it was born 290 days after the rendition of the judgment of divorce and 284 days after the signing of said divorce and that according to Articles 184 and 188 of the LSA-Revised Civil Code, the husband of the mother is the father of the child born during the marriage or within 300 days after its dissolution and this presumption is juris et de jure, that the plaintiff and the mother of the child have both lived in the City of New Orleans since their marriage. The child was born in New Orleans. There is no allegation of concealment. Where both spouses resided in the *895 same City, there is no such remoteness as would support an action en desaveu, and citing Williams v. Williams, 230 La. 1, 87 So.2d 707; Feazell v. Feazell, 222 La. 113, 62 So.2d 119; Lejeune v. Lejeune, 184 La. 837, 167 So. 747; Tate v. Penne, 7 Martin, N.S., 548.
The Trial Judge sustained the exception of no right or cause of action on the ground that there is no allegation in the petition that due to the fact that plaintiff and defendant were inaccessible to each other the ex-husband could not have been the father of the child. The curator filed a brief setting out the fact that this child was born 284 days after the judgment of divorce was signed and that the presumption under the law of Article 187 of the LSA-Civil Code presumes this child to be the child of the marriage unless the requisites of the law to disavow paternity are complied with. That the presumption of paternity is one of the strongest presumptions of law and that presumption must be overcome in a specific manner. The plaintiff did not allege that cohabitation was impossible but simply alleged that plaintiff and his wife were living separate and apart which is not sufficient, and for that reason the exception was maintained and plaintiff's suit was dismissed. This appeal resulted.
The allegations of the petition may be sufficient to overcome the exception insofar as the wife was concerned. But this same rule cannot apply to the child.
The law covering this action is found in Articles 184 to 192, both inclusive, of the LSA-Revised Civil Code of Louisiana. The plaintiff puts much faith in the fact that the wife in a divorce action, by her inaction and permitting same to go by default, admitted that she and her husband had been living separate and apart for more than two years commencing as of November 12, 1957 at no time alleging or seeking to deny the allegation of plaintiff's petition, nor did she contend that she was then pregnant as the result of cohabitation with plaintiff and appellant. The defendants rely on the Articles of the Code above cited which creates the presumption of paternity on the part of a husband, for under:
Article 184, [LSA-] R.C.C., the law considers the husband of the mother as the father of all children conceived during the marriage.
Article 185, [LSA-] R.C.C., provides that the husband cannot disown the child for impotence or even adultery unless its birth has been concealed from him in which case he will be permitted to prove that he is not its father.
Under Article 186, [LSA-] R.C.C., the child capable of living, born before the 180th day after the marriage is not presumed to be the child of the husband; every child born alive more than six months after conception is presumed to be capable of living.
Article 187, [LSA-] R.C.C., states that the same rule applies with respect to the child born 300 days after the dissolution or after the sentence of separation from bed and board. Singley v. Singley [La.App.] 140 So. 2d 546.)
Article 188 states that legitimacy of the child born 300 days after the separation has been decreed may be contested unless it be proved that there had been cohabitation between husband and wife since such decree because it is always presumed that the parties have obeyed the sentence of separation.
This Article 188 answers the question as to whether the 300 days should be counted from the time of the actual separation, that is, November 12, 1957, or from the date of the decree, February 29, 1960.
Article 189, [LSA-] R.C.C., provides that the presumption of paternity as an incident to the marriage is also at *896 an end when the remoteness of the husband from the wife has been such that cohabitation had been physically impossible.
Our Courts have interpreted this Article to mean remoteness in distance. In this day and time there is no such thing as remoteness in distance as our means of transportation is much faster than it was at the time the Civil Code was written. The astronauts are going around the world at least three times within a very few hours and by way of the Super Jets and other means of transportation, most any place on the face of the earth can be reached from any other place within a matter of a few days or hours. Unless we can use Webster's New 20th Century Dictionary to interpret our Code as revised in 1950, remoteness means distance in human relations and aloofness such as remote and cold in his manner. The aloofness and coldness of either party makes the remoteness of the husband from the wife such that cohabitation is a physical impossibility.
Presumption of facts and law stated in the Articles of the Revised Civil Code herein cited may be overcome by proof furnished by the adverse party.
This action was originally instituted by Mr. Granville Alpha, now deceased, as attorney for the petitioner and the appeal perfected by him. Mr. Stanley affirming to the Court that he had taken over Mr. Alpha's business in order to clear it up.
It is our view that the Trial Court should not have maintained the exception without first giving the plaintiff an opportunity to amend petition because of failure of allegations to state a cause of action, because insufficient allegation amendments should be allowed to protect substantive rights. Lusco v. McNeese, 86 So.2d 226.
The recently established jurisprudence is to yield as little as possible to technicalities and to be liberal in upholding substantive rights so as to permit amendments to petition that failed to state a cause of action due to insufficient allegation. The law has ceased to be a scientific game which may be won or lost by playing some particular move. Bourgeois v. LeBlanc, La. App., 72 So.2d 777; Robinson v. Allen, La.App., 88 So.2d 64.
For the reasons assigned, the judgment appealed from is reversed and set aside and the case is remanded to the Civil District Court, Parish of Orleans, for further proceedings consistent with the views herein expressed and in accordance with law, reserving to all parties at interest the right to file whatever pleadings they may deem appropriate, costs of this appeal to be paid by the defendant; all other are to await the final determination of the case.
Reversed and remanded.