146 So.2d 199 (1962)
Junius KAUFMAN
v.
Edna Wells KAUFMAN, his Wife, and the Minor Known as "Jake Johnson, Jr."
No. 105.
Court of Appeal of Louisiana, Fourth Circuit.
November 5, 1962.
Tucker & Schonekas, Gibson Tucker, Jr., New Orleans, for plaintiff-appellee.
Charles L. Rivet, New Orleans, curator ad hoc.
Lawrence A. Wheeler, New Orleans, for defendant-appellee.
*200 Before YARRUT, SAMUEL and JANVIER, JJ.
GEORGE JANVIER, Judge pro tem.
This suit for divorce also involves the custody of the children born of the marriage and the question of whether the plaintiff is the father of a male child born to the mother 313 days after a decree of separation from bed and board had been rendered.
There was judgment granting the husband a divorce on the ground of adultery, awarding the custody of the children born during the marriage to plaintiff, and declaring that the plaintiff is not the father of the other child born to the mother 313 days after the judgment of separation had been rendered.
The matter went to the Supreme Court on a suspensive appeal by the mother. In the Supreme Court the plaintiff moved to dismiss the appeal insofar as it suspended the execution of that part of the judgment which awarded to her the custody of the children. The Supreme Court held that the suspensive appeal had been granted inadvertently, but that it was effective as a devolutive appeal (Kaufman v. Kaufman, 239 La. 500, 118 So.2d 901) and the matter was then transferred to us as a result of Article 7, sec. 30 of the Louisiana Constitution, as amended, L.S.A.
Junius Kaufman, the plaintiff, and Edna Wells, the defendant, were married in the Parish of Orleans on April 18, 1945. During that marriage, and before there was a judgment of separation from bed and board, three children were born. The mother brought suit in the Civil District Court for the Parish of Orleans, No. 343-769, for separation from bed and board and there was granted to her, on February 21, 1957, a judgment of separation, and she was awarded the custody of four children, Junius Lee, Meleana, Linda and Melvin Kaufman. While the record is somewhat confusing, apparently the fourth of these children, Melvin Kaufman, was the child with whom the mother was pregnant when the separation proceeding was brought and who was born before the judgment of separation was rendered.
On December 21, 1957, which was 313 days after the judgment of separation from bed and board had been rendered, the mother, the present defendant, gave birth to another son, and registered his birth, naming him Jake Johnson, Jr.
Alleging that the said Edna Wells had been guilty of adultery with one Jake Johnson, Sr., and that the plaintiff, Junius Kaufman, had not cohabitated with her since prior to the decree of separation, the plaintiff prayed for judgment of divorce against the defendant, and he also prayed that he be awarded the custody of the three children born prior to the judgment of separation (no mention being made of the fourth child, Melvin Kaufman) and that it be declared that he was not the father of the last child, Jake Johnson, Jr.
A curator ad hoc was appointed to represent the said Jake Johnson, Jr.
There was judgment as prayed for, and the defendant took the appeal which is now before us.
So far as the divorce is concerned there can be no doubt that defendant was guilty of adultery. She not only admitted that, since the separation, she had had no relationship whatever with the plaintiff, but she also admitted that she had had sexual relations with Jake Johnson, Sr. and that he was the father of the child, Jake Johnson, Jr.
When the matter came up for trial in the District Court, the attorney who had represented the mother prior to the trial had been disbarred, but the mother was present in Court during the trial and her interests were properly protected by the District Judge. The present divorce suit was tried before the same judge who had tried the previous separation suit and who had awarded to the mother the custody of *201 the four children, including Melvin Kaufman. In the present divorce proceeding the judge, after trial, awarded the custody of the three children to the father. He was thoroughly familiar with the entire situation since he had tried the earlier separation suit, and the record shows beyond any doubt that he was not in error in changing his views as to the moral unfitness of the mother and in awarding the custody to the father.
In Kieffer v. Heriard, 221 La. 151, 58 So.2d 836, the Supreme Court said:
"* * * this court is reluctant to upset a judgment of the trial court in matters involving the custody of a child and will not do so except in cases where it is shown that the judge has abused the discretion vested in him. See Black v. Black, 205 La. 861, 18 So.2d 321; Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456."
In Guillory v. Guillory, 221 La. 374, 59 So.2d 424, the Supreme Court said that "in awarding the custody of the child a large discretion is left to the trial judge, which, of course, is subject to review."
When we come to consider the question of whether or not the plaintiff, Junius Kaufman, was the father of the child born 313 days after the separation, the record shows that there had been no relations of any kind between the plaintiff and the defendant for at least 313 days prior to the birth of that child. Since there had been a judgment of separation, the presumption of paternity resulting from Articles 186, 187 and 188 of our LSA-Civil Code no longer applied for these articles clearly provide that where there is a separation from bed and board "it is always presumed that the parties have obeyed the sentence of separation." As a result of this presumption, that the sentence of separation has been obeyed, it will be presumed that a child born more than 300 days after the separation is not the child of the husband unless, in accordance with Article 188, "it be proved that there had been cohabitation between the husband and wife since such decree."
For this reason and, in view of the mother's testimony, we have no difficulty in concluding that the judgment declaring that the plaintiff is not the father of Jake Johnson, Jr., is correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.