JANVIER, Judge.
Defendant, Morton Solomon, appeals from a judgment for $196.30 rendered against him in favor of Southern Baptist Hospital for the balance due for hospital services rendered to a minor known as Joseph Solomon who, according to the original petition of plaintiff, was the son of the defendant or who by an amended petition, was alleged to be either the son of defendant or was represented as his son by the defendant and by the mother of the boy.
Defendant maintains that the youth was not his son, was not dependent upon him, and that he at no time represented to the plaintiff that he was the father of the boy.
The record shows that the 13-year-old boy, known as Joseph Solomon, was injured in an automobile accident on November 20, 1965, and was taken by his mother to Southern Baptist Hospital. She signed the application for admission to the hospital, and on it gave the name of the boy as Joseph Solomon and gave the name of the father as Morton Solomon and, in the form seeking information concerning possible hospital insurance, inserted the word “none”.
The hospital charges amounted to $241.30 of which $45.00 has been paid, leaving a balance due of $196.30.
*135 In the original petition plaintiff alleged that the defendant, Morton Solomon, was the father of the boy known as Joseph Solomon, and judgment was prayed for against him on that allegation, together with the further averment that the services had been rendered at the “special instance and request” of defendant, Morton Solomon. To this petition the defendant filed exceptions of no cause and no right of action, and filed an answer denying that the boy, Joseph Solomon, was his son and denying that he had had anything to do with having the boy entered in the hospital. By supplemental petition plaintiff then alleged that it had furnished the services to the hoy, Joseph Solomon, “ * * * who was represented to be Joseph Solomon both by Mary Solomon, his mother and Morton Solomon who represented this child to be Joseph Solomon.”
The exceptions were overruled and there was judgment in favor of the hospital and against Morton Solomon as prayed for.
Although it was stated by the mother when she made application for admission of her son at the hospital that there was no insurance, the truth was that Morton Solomon, the present defendant, had secured from Equitable Life Assurance Society a policy of hospital insurance, and in his application for this insurance had listed the boy, Joseph Solomon, as his son and had had him included as an insured under that policy. After the boy was discharged from the hospital, defendant had collected from the insurer $240.00 which amount was based on the statement given by the hospital representing services to the boy.
The hospital contends that the defendant is estopped to deny his relationship to the boy, or that he is responsible for the balance due to the hospital for the services. On the other hand, the defendant maintains that he has done nothing which misled the hospital into rendering services which it would not have rendered had it known the true facts about the lack of relationship between the defendant and the boy.
In the record there is a certified copy of a marriage certificate which shows that Mary Rose Costa, the mother of the boy, was married on January 22, 1948, to Robert W. Woodville,'and there is a certified copy of a decree of divorce indicating that the said mother was divorced from Woodville on December 22, 1952. There is also in the record a certified copy of a birth certificate showing that the boy, Joseph Solomon, was born on August 1, 1952, and that he was the son of the said Mary Rose Costa and Morton Solomon.
In spite of the fact that the birth certificate shows that the father of the boy was Morton Solomon, we cannot hold that Morton Solomon was actually the father. The boy was born to the mother when she had been married to Woodville for many years, and there is, therefore, an irrefutable presumption that the said-boy was the son of the husband of the mother. LSA-C.C. art. 184.
If defendant himself had in any way assisted in the giving of the information on which this birth certificate is based it might be used against him if not to show that he was the father of the boy, certainly to show that he had held himself out to be the father and that, therefore, he might be estopped to deny his liability. However, the birth certificate was issued obviously at the request of the mother who signed the original certificate, and there is nothing to show that Morton Solomon signed the certificate or was responsible for the information showing Joseph Solomon to be his son.
Another fact to which plaintiff points as justifying the assumption that defendant may be held liable is that when the defendant applied to his insurer for payment under the policy which it had issued, he gave the name of the boy as Joseph Solomon and declared him to be his son. Thus defendant did secure insurance in the name of the boy and did so on the statement of his paternity. He explains this by saying that when he obtained the *136 insurance he could include certain dependents without any additional cost and that, for this reason, he entered the boy as his son and thus secured for him insurance protection to which he would not otherwise have been entitled. In doing this he committed fraud as a result of which the insurer was victimized. However, when the boy was admitted to the hospital, he was accepted in spite of the fact that so far as the hospital knew there was no insurance which would be available. It was not until December 5, 1965, which was approximately 15 days after all expenses had been incurred and 11 days after the boy had been discharged that the hospital learned of the insurance, and learned that Morton Solomon, in order to obtain the insurance, had represented the boy to be his son.
However much suspicion may result from the actions of the defendant and however much the ends of justice might suggest it, we find nothing in this record which justifies our assuming that the defendant authorized the mother of the boy to enter him in the hospital as the son of defendant, and however much his actions indicate fraud, we cannot find that the fraud which is clearly evidenced, operated to cause the plaintiff loss which it would not otherwise have sustained.
Another contention of plaintiff is that when bills for the balance due were sent to Morton Solomon, he did not protest that he was not liable and that, therefore, he is estopped now to deny his indebtedness. He states that when he collected the $240.00 from the insurer, he used it all in making, in the name of the mother, small payments on various other charges of other surgeons and physicians and that since there was not enough for all, he made partial payments and that $45.00 was paid to the hospital. This, too, was done after the expenses had all been incurred and cannot be used in an effort to estop Solomon from denying liability.
Accordingly, the judgment appealed from is annulled, avoided and reversed, and there is now judgment in favor of defendant, Morton Solomon, and against the plaintiff, Southern Baptist Hospital, dismissing its suit at its cost.
Reversed.