SAMUEL, Judge.
This appeal was filed by the attorney at law appointed in a divorce proceeding to represent a defendant-husband absent from the state. The judgment appealed from awards the plaintiff-wife a divorce, permanent custody of the three minor children born of the marriage and $50 weekly for the support and maintenance of the children. The curator has appealed only from that portion of the judgment which awards child support and the alleged failure to fix his fee. In this court he contends: (1) the trial court lacked jurisdiction over the husband for the purpose of rendering a personal judgment against him *292 since he appeared only through a curator; (2) even assuming the court had jurisdiction, the wife failed to adduce evidence to support her claim for child support; and (3) no curator’s fee was fixed by the trial court.
Originally the wife filed a suit for separation from bed and board. Her husband reconvened for a separation. After trial there was judgment in that suit granting the husband a separation. By consent of both parties the judgment also awarded the wife custody of the three children and $50 weekly for their support.
One year and sixty days after the separation judgment had become final, the wife petitioned for a divorce based on that judgment. She alleged, inter alia, her husband was absent from the state and on her motion the attorney was appointed to represent him. The curator named was the attorney who had represented the defendant in the separation suit. When this matter was tried the wife testified she did not know her husband’s whereabouts but had heard he might be in Florida with his parents who lived in that state. She knew he had been living in Jefferson Parish approximately ten or eleven months prior to trial. He had visited the two older children at their Jefferson residence less than two weeks prior to the filing of the petition for divorce. In round figures, at the time of trial he was $2,600 in arrears in child support payments. On appeal both counsel agree the husband’s residence, at the time of trial and at present, is unknown.
The trial court concluded jurisdiction over the person of the defendant had attached through the substituted service permitted by C.C.P. Art. 6, the pertinent part of which provides:
“Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
******
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
* * *” LSA-C.C.P. Art. 6.
Appellant argues a money judgment cannot be rendered against a defendant on whom no personal or domiciliary service had been obtained. He further argues the husband left the state with no intention to return and has abandoned his domicile. However, in Puissegur v. Puissegur, 220 So.2d 547, this court held that substituted service on a curator was sufficient to support an award of alimony against a defendant who was domiciled in Louisiana but absent from the state.
Thus, we must determine whether the defendant changed his domicile. The record is silent on this point. It contains no evidence supporting the curator’s contention that the defendant left the state permanently. Indeed, the record is completely devoid of any evidence showing or tending to show the defendant has left the state, either permanently or otherwise. One who asserts there has been a change of domicile has the burden of proving the change has been made. Kinder v. Scharff, 125 La. 594, 51 So. 654; First Nat. Bank v. Hinton, 123 La. 1018, 49 So. 692. The defendant, through his curator, has failed to carry this burden; on this question the record reveals only that the defendant’s present whereabouts are unknown. We conclude, as did the trial court, that jurisdiction attached over the person of the husband through service on his court appointed curator.
Nor do we agree with counsel’s second contention, that the child support award is improper because the wife did not itemize the necessary expenses incurred on their behalf. The children are eight, seven and four years old. In the separation judgment her husband consented to *293 pay $50 weekly child support, which by implication indicates his admission of her needs and his ability to meet them, at least at the time of that trial. The husband made no further move to reduce this amount or show a change in circumstance in the record. As it is obvious that money is needed for the children and that $50 per week is either under or approaches the minimal amount required to feed, clothe, house, educate and otherwise raise the children, the record contains sufficient proof of need.
We do agree with counsel’s third contention. Apparently because of this appeal, no curator’s fee was fixed by the trial court and we will remand this cause solely for the purpose of permitting the trial judge to fix that fee.
For the reasons assigned, the judgment appealed from is affirmed and this cause is remanded for the sole purpose of fixing a curator’s fee.
Affirmed in part and remanded.