288 So.2d 702 (1974)
Cort William BRUGMAN, Plaintiff-Appellant,
v.
Deborah Ann PREJEAN and Christian Paul Brugman, Defendants-Appellees.
No. 4405.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
*703 Young & Burson, by I. J. Burson, Jr., Eunice, for plaintiff-appellant.
Herman C. Clause and Bennett J. Gautreaux, Lafayette, for defendants-appellees.
Before FRUGÉ, MILLER and PONDER, JJ.
PONDER, Judge.
This is an action en desaveu instituted by Cort William Brugman against Deborah Ann Prejean and the minor child, Christian Paul Brugman. The trial court sustained exceptions of prescription, no right of action and no cause of action filed by Deborah Ann Prejean, and exceptions of prescription and no cause of action filed on behalf of Christian Paul Brugman. Plaintiff has appealed.
There are three issues before this court. First, the court must rule whether the legislative provisions for the use of blood tests to determine paternity create a new cause of action not subject to normal codal provisions. The second issue is whether the plaintiff has stated a cause of action. Thirdly, we must decide whether this action was timely brought.
The facts of this case are clearly established in plaintiff's petition. Plaintiff married Deborah Ann Prejean, defendant, on or about May 26, 1971, knowing she was pregnant. On August 9, 1971, Deborah Ann Prejean gave birth to Christian Paul Brugman. Plaintiff signed the child's birth certificate as father and made no attempt to disavow his paternity at that time. Plaintiff left for military service on December 13, 1971. When he returned on October 12, 1972, he was told by his wife that she no longer desired to live with him, and that the child born during their marriage was not his. On December 22, 1972, plaintiff filed this suit to disavow paternity. The court appointed an attorney to represent the minor child.
Both defendants filed exceptions of no cause of action on the ground that plaintiff knew of his wife's pregnancy at the time of their marriage, and could not therefore contest the legitimacy of the child. LSA-C.C. art. 190. Each defendant also pled prescription of six months. LSA-C.C. art. 191. Finally, the defendant mother filed an exception of no right of action based on Civil Code article 190.
There is no merit to plaintiff's contention that Louisiana Revised Statutes 9:396-9:398 create a new cause of action for disavowing paternity, not subject to the provisions of the Louisiana Civil Code. A reading of these provisions reveals that the legislature merely intended to sanction the use of blood tests which theretofore were inadmissible as evidence for determining paternity. Indeed this purpose is specifically stated in the title of the source act of these provisions which reads in part, "An Act to provide for the use of blood tests in civil actions to determine paternity;. . ." Acts 1972, No. 521. We can find no evidence of intent to repeal or amend either expressly or impliedly the codal provisions in regard to limitations or disavowal actions.
Defendants contend that plaintiff has no cause of action since he entered into marriage with Deborah Ann Prejean with full knowledge that she was pregnant, and he was present at the registering of the birth.
Louisiana Civil Code Article 190 states:
"Art. 190. The husband can not contest the legitimacy of the child born previous to the one hundred and eightieth day of marriage, in the following cases:
"1. If he was acquainted with the circumstances of his wife being pregnant previously to the marriage.
"2. If he was present at the registering of the birth or baptism of the child *704 and signed the same, or if not knowing how to sign, he put his ordinary mark toit, in presence of two witnesses."
Plaintiff openly admits in his petition that he knew Deborah Ann Prejean was pregnant when he married her, and that he signed the child's birth certificate.
A husband is forever barred from contesting the legitimacy of a child born during the marriage if he knew of his wife's pregnancy at the time of their marriage. LSA-C.C. art. 190; Walker v. Jarnevich, 102 So.2d 770 (La.App. 2 Cir. 1958). It is clear that under the facts alleged by plaintiff in his petition, he is not entitled to relief. The exceptions of no cause of action were correctly sustained.
But even had the plaintiff stated a cause of action, we feel that his suit was instituted too late.
Plaintiff argues that prior to his marriage to the defendant mother, she fraudulently caused him to believe that he was the father of the child she was carrying. He states that it was not until sometime after October 12, 1972, that he became aware of such fraud when she told him that he was not the father. Consequently, he feels that the time for bringing this action did not begin to run until that time.
Defendants maintain that the law clearly provides for prescription to begin upon the birth of the child. They cite Louisiana Civil Code Article 191 which provides as follows:
"Art. 191. In all the cases above enumerated, where the presumption of paternity ceases, the husband of the mother, if he intends to dispute the legitimacy of the child, must do it within six months from the birth of the child, if he be in the parish where the child is born, or within six months after his return, if he be absent at that time, or within six months after the discovery of the fraud, if the birth of the child was concealed from him; or he shall be barred from making any objection to the legitimacy of such child. (As amended by Acts 1968, No. 158, § 1.)"
They assert the record is clear that the child's birth was not concealed from him and that the six month time limit had expired before suit was filed.
Normally the party relying on a plea of prescription has the burden of proving the facts necessary to support his position. However, when the time limit for asserting a cause of action has expired on the face of the pleadings, the burden shifts to the plaintiff, and it then becomes his duty to negate the issue of prescription. Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.1973); Lake Providence Equipment Company v. Tallulah Production Credit Ass'n, 257 La. 104, 241 So.2d 506 (1970).
Plaintiff does not allege that the birth was concealed from him; he only argues that he was misled into believing that he was the father. Moreover, he does not dispute his presence in the parish where the child was born. Accordingly, we feel that the prescriptive period began on August 9, 1971, when the child was born, and ended long before plaintiff filed his suit.
The codal provisions prevent the disavowal of paternity except within extremely narrow limits, and then only if done promptly after the birth. The policy in this State, as found in the statutes and as perpetuated in the jurisprudence, has been to protect children against belated attacks upon their paternity. Tannehill v. Tannehill, 261 La. 933, 261 So.2d 619 (1972); Williams v. Williams, 230 La. 1, 87 So.2d 707 (1956).
During the course of oral argument, the question of the possible unconstitutionality of Revised Statutes 9:396-9:398, if applied to the present case, as a divestiture of vested rights of the child arose. Our findings above obviate the necessity of deciding this issue.
*705 Counsel for the minor child was appointed to represent said defendant in the trial court where his fee was set. He was subsequently dismissed, but was reappointed to represent the minor child in these appellate proceedings. Since counsel's fee for this representation has not yet been fixed, we hold that he is entitled to compensation in the amount of $150.00.
For the reasons assigned, the judgment of the trial court is affirmed. Plaintiff is to pay all costs.
Affirmed.
Frugé, J., concurs in decree.