292 So.2d 275 (1974)
Terrell Lynn FORD, Plaintiff-Appellant,
v.
Lois Marie Washington FORD, Defendant-Appellee (two cases).
Nos. 12244 and 12245.
Court of Appeal of Louisiana, Second Circuit.
March 19, 1974.
*276 Love, Rigby, Dehan & Love by Samuel P. Love, Jr., Shreveport, for plaintiff-appellant.
Gamm, Greenberg & Kaplan by Irving M. Greenberg, Shreveport, for defendant-appellee.
Before AYRES, BOLIN and PRICE, JJ.
PRICE, Judge.
Terrell Lynn Ford has appealed from the judgments of the trial court rejecting his demands for a final divorce from Lois Marie Washington Ford and his action to disavow a child born to his wife more than 300 days after a judgment of separation was rendered between the parties. By agreement the cases were consolidated for the purpose of trial and appeal.
These parties were married in 1962 and resided in Vivian, Louisiana, until matrimonial discord developed in 1967. Terrell Lynn Ford filed suit for a legal separation in August, 1968, on the allegations the parties had lived separate and apart for a period in excess of one year. A judgment of separation was signed in this action on September 11, 1968.
On May 31, 1972, Terrell Ford filed suit for a final divorce, alleging that more than a year had elapsed since the separation decree and that no reconciliation had taken place. This action is No. 12,244 on the *277 docket of this court and Suit No. 186,138 of the Caddo District Court.
On June 23, 1972, Lois Ford filed an answer and reconventional demand to the suit, alleging a reconciliation had been effected in that she continued to engage in marital relations on frequent occasions with her husband after the separation judgment. She further alleges a child was born on August 15, 1970, named Lang Vesha Marie Ford. Custody of and support for the child, together with alimony pendente lite is demanded in the reconventional demand.
Terrell Ford answered the reconventional demands of his wife, denying her allegations relating to a reconciliation and that the child was born of their marriage.
On December 8, 1972, Terrell Ford filed and action in disavowal in which he alleges he is not the father of the child, Lang Vesha Marie Ford, and that he first became aware of the birth of the child on June 25, 1972, upon receipt of his wife's answer to his divorce proceeding. This suit bears No. 12,245 on the docket of this court and is suit No. 212,352 of the Caddo District Court.
In defense of the action to disavow, Lois Ford alleges the same acts of sexual relations urged in answer to the divorce proceedings which she contends occurred during the period of between 180 to 300 days prior to the birth of the child. In amended pleadings she alleges the action to disavow was not timely filed as the birth of the child was not concealed from the father who resided in the Parish at the time of the child's birth.
The burden of proof of cohabitation following the legal separation is with the wife, as the law presumes the parties have not cohabited after a separation decree. Singley v. Singley, 140 So.2d 546 (La.App. 1st Cir. 1962); Kaufman v. Kaufman, 146 So.2d 199 (La.App. 4th Cir. 1962). Acts of sexual intercourse constitute "cohabitation" as this term is used in the codal articles relating to marriage and legitimacy of children.
Lois Ford testified her husband continued to visit her at the former matrimonial domicile in Vivian immediately after the separation. She testified on these occasions they engaged in sexual intercourse. At this time Terrell Ford lived in Shreveport with his brother, Charles Ford, and on the dates of his visits to his wife in Vivian he called collect and notified his wife he intended to see her after she finished work around 10:00 p.m. According to her testimony this continued at frequent intervals until Terrell Ford acquired a residence of his own in Shreveport on North Pine Drive in September, 1970. After this she testified she visited Terrell Ford at this residence on a number of occasions when they engaged in sexual relations, the last occurrence being June 13, 1972.
Terrell Ford in his testimony not only denied having had sexual relations with his wife since the separation decree was rendered, but denied even having seen or talked with her.
We find the evidence more than sufficient to support the trial judge's conclusion the testimony of Terrell Ford was unworthy of belief. Terrell Ford's testimony that he had not seen or spoken to his wife since September, 1968, was refuted by positive documentary evidence. Lois Ford testified she gave money to her husband on two occasions and produced cancelled checks payable to his order bearing his purported endorsement thereon. Although Ford denied his signature, a bank employee verified its authenticity.
Lois Ford presented a check stub of a payroll check issued to Terrell Ford in December, 1971, which he admits could only have been obtained by her from his residence. She was able to describe in detail the arrangement of rooms and the furniture in her husband's residence on North Pine Drive. This evidence substantiates her testimony of having made visits to his residence.
*278 Although there is no direct evidence, other than the testimony of the parties, relating to whether sexual intercourse took place on the occasion of the parties visits to the other's abode, we believe the evidence established such circumstances that it would be reasonable to believe such acts took place.
Lois Ford's seventeen year old son, Eddie Howard, witnessed Terrell Ford in his mother's bedroom on several occasions, and on at least one occasion partly undressed. On other occasions he was aware they were together in her bedroom for several hours after 10:00 p. m.
We find the preponderance of the evidence to sustain the wife's allegations that the parties continued to have sexual relations after the decree of separation and through the period to June, 1972. Therefore, under the provisions of Article 188 of the Civil Code, the husband is not permitted to contest the legitimacy of the child even though the date of birth was more than 300 days after the decree of separation.[1]
Irrespective of the sufficiency of proof of cohabitation, the petition for disavowal was not timely filed in accordance with Article 191[2] as we also find the evidence to show the father has continuously resided in Caddo Parish and the birth of the child was not concealed from him. To the contrary, the evidence shows he had actual knowledge of the child having been born within 60 to 90 days of her birth, if not sooner.
The grandfather of Terrell Ford, Will Jones, testified Lois Ford brought the child by his residence in Eden Gardens soon after her birth and Terrell Ford was at his home at the time.
In addition to the testimony of Eddie Howard, two other witnesses testified to having seen Terrell Ford at his wife's home in Vivian with the child within four months of her birth.
Not only was the birth listed in the Shreveport newspapers, but Lois Ford took the child to visit members of Terrell Ford's immediate family shortly after her birth.
Appellant in brief to this court concedes that should we conclude the trial court's finding of cohabitation correct in the action of disavowal, then the judgment rejecting his demands in the divorce action were not in error.
The wife's request for custody, support and alimony pendente lite were not considered in the trial court as no reconventional demand was made by her for a separation or divorce in her favor. These matters have therefore not been made an issue on this appeal.
For the foregoing reasons the judgments appealed from in these consolidated cases are affirmed at appellant's costs.
NOTES
[1] La. Civil Code Article 188 provides: The legitimacy of the child born three hundred days after the separation from bed and board has been decreed, may be contested, unless it be proved that there had been cohabitation between the husband and wife since such decree, because it is always presumed that the parties have obeyed the sentence of separation.

But in case of voluntary separation, cohabitation is always presumed, unless the contrary be proved.
[2] La. Civil Code Article 191 provides: In all the cases above enumerated, where the presumption of paternity ceases, the husband of the mother, if he intends to dispute the legitimacy of the child, must do it within six months from the birth of the child, if he be in the parish where the child is born, or within six months after his return, if he be absent at that time, or within six months after the discovery of the fraud, if the birth of the child was concealed from him; or he shall be barred from making any objection to the legitimacy of such child.