307 So.2d 650 (1975)
John Lee DUGAS, Plaintiff and Appellant,
v.
Leah Michelle HENSON, minor, and Dianne Fournet, Defendants and Appellees.
No. 4775.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Rehearing Denied February 24, 1975.
Writ Refused April 24, 1975.
*651 Allen L. Durand, St. Martinville, for plaintiff-appellant.
Willis & Hardy by George W. Hardy, Jr., St. Martinville, for defendant-appellee.
Dianne Fournet, in pro. per.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
This is a suit by John Lee Dugas seeking to disavow the paternity of Leah Michelle Henson. From a judgment rejecting plaintiff's demands, he has appealed to this court.
Plaintiff and Dianne Fournet were married on July 28, 1969, and thereafter lived together as man and wife in St. Martin Parish, Louisiana. Plaintiff and his wife voluntarily separated in August, 1971.
Subsequently, in the fall of 1971 the couple went together to see an attorney for the purpose of obtaining a separation from bed and board. For reasons not disclosed in the record the petition for separation (filed on behalf of Dianne Fournet) was not filed until February 14, 1972, with a judgment by default being entered on March 17, 1972. The record is silent as to whether a final judgment of divorce was subsequently granted.
During the aforementioned period Dianne Fournet lived with her parents in St. Martinville (with the exception of several months when she resided in Lafayette). The plaintiff, John Dugas, also *652 lived in the St. Martinville area throughout the period of voluntary and legal separation. Both parties, however, testified that after August, 1971 they did not live together as man and wife or cohabit at any time.
Dianne Fournet testified that in January, 1972, she began to date one Wayne Ray Henson on a regular basis and that she became pregnant by him in March, 1972, the pregnancy being confirmed on May 18, 1972.
In late May, 1972, Wayne Henson and Dianne Fournet moved to and took up residence in Lake Charles, Louisiana, where they lived as man and wife.
On December 20, 1972 (some 279 days after the judgment of separation) Dianne Fournet gave birth to a child. The birth certificate listed the child as Leah Michelle Henson and indicated the father to be Wayne Henson, the latter signing the certificate in that capacity.
Dianne Fournet further testified that Wayne Henson paid for all expenses of the pregnancy and birth, that Leah Michelle Henson had lived continuously in their home and was totally supported by Henson, and that Henson had continually held out the child to be his own to friends, parents, and relatives.
It was stipulated at trial that if Henson were called as a witness he would testify in accord with Dianne Fournet, regarding the relationship of the two individuals from January, 1972, to the current date, and that he considered himself to be the father of the child in question.
Plaintiff filed this "action en desaveau" on May 1, 1973, with an attorney subsequently being appointed by the court to represent the defendantminor child. The case later came to trial with judgment being rendered on June 5, 1974.
Thereafter on October 18, 1974, Wayne R. Henson and Dianne Fournet Dugas became married in Orange County, Texas.[1]
Perhaps the strongest presumption recognized in our law is provided by Civil Code Art. 184 which reads as follows:
"The law considers the husband of the mother as the father of all children conceived during the marriage."
See Williams v. Williams, 230 La. 1, 87 So.2d 707 (1956); Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (1952); Lambert v. Lambert, 164 So.2d 661 (La.App. 3rd Cir. 1964).
The child herein, Leah Michelle Henson, was clearly conceived during the marriage of Dianne Fournet and John Dugas. Likewise the child was born 279 days after the judgment of separation (i. e. within the 300 day period specified in C.C. Arts. 187, 188). As a result we conclude the foregoing presumption arises.
The defendant, however, contends that despite the child being born within 300 days after the judgment of separation, the presumption should nevertheless not lie. Such assertion is based on the argument that the 300 days set forth in C.C. Arts. 187, 188 should apply equally to voluntary separation, if non-cohabitation between the parties can be shown.
Although the Supreme Court of this state has not had occasion to pass upon this question,[2] we feel constrained, in light of the language of C.C. Arts. 187, 188 [specifically: "after the sentence of separation from bed and board" (C.C. Art. 187) and "after the separation from bed and board has been decreed" (C.C. Art. 188) *653 . . . emphasis added . . ., in addition to the fact that cohabitation is always presumed in the case of a voluntary separation], and under this court's decision in Melancon v. Sonnier,[3] 157 So.2d 577 (La.App. 3rd Cir. 1963), to hold that the 300 days enunciated in Civil Code Arts. 188, 189 apply only to the period following a judicial and not a voluntary separation.
Therefore, in order for the plaintiff to establish non-paternity and disavow the child, he must rebut the foregoing presumption that he is the father by proving:
(a) "remoteness" from his wife was such as to have made cohabitation between the parties physically impossibleC.C. Art. 189, or
(b) that his wife committed adultery and concealed the pregnancy and birth of the child from himC.C. Art. 185, or
(c) that his paternity is negated by blood tests under LSA R.S. 9:396, 9:397.2, 9:397.3[4].
The courts of this state have consistently given a strict interpretation to the aforementioned grounds for disavowal. In fact, as noted by Justice Dixon in Tannehill v. Tannehill, 261 La. 933, 261 So.2d 619 (1972), our Supreme Court has never allowed a disavowal of paternity. In addition, it was noted in Tannehill that only two appellate court cases[5] have upheld a disavowal and in those situations the child was born more than 300 days after the judgment of separation from bed and board.
Likewise, recitals in the birth certificate to the effect that the father of the child is other than the presumptive father is not sufficient to overcome the presumption of paternity. Southern Baptist Hospital v. Soloman, 210 So.2d 134 (La.App. 4th Cir. 1968); Trahan v. Trahan, 142 So.2d 571 (La.App. 3rd Cir. 1962).
The first alleged basis for disavowal which we address ourselves to is that of "remoteness". The record is very clear that the plaintiff and his estranged wife lived in the same parish (and for a time in the same town) subsequent to the voluntary and legal separationuntil May 1972. Thus if "remoteness" means only physical distance the plaintiff has clearly failed to prove his allegation.
Plaintiff, however, argues that under the holding of Gillies v. Gillies, 144 So.2d 893 (La.App. 4th Cir. 1962), cert. denied November 13, 1962, "remoteness" can mean distance in human relations and aloofness, rather than just physical distance.
We recognize that such purported language is contained in Gillies, and that there are strong equitable factors favoring plaintiff's demand in this case, however, we are constrained to hold under a number of decisions[6] by the Supreme Court and various *654 appellate courts of the state, that remoteness means only physical distance and that such has not been proven in this case.
On the second ground for disavowal, no evidence was presented to indicate that Dianne Fournet concealed her pregnancy or birth of her daughter from the plaintiff or anyone else. Plaintiff himself testified that he was aware of both the pregnancy as well as the subsequent birth of Leah Michelle Henson.
Blood tests were also taken from plaintiff, his former wife, and the child in question, in preparation for trial. However, such tests and resulting laboratory examinations indicated that the plaintiff could not be excluded as the father of the child.
Plaintiff contends, finally, that the strong policy in favor of the presumption of legitimacy is eliminated herein, inasmuch as the child can be deemed the legitimated child of Wayne Henson and Dianne Fournet by virtue of their marriage, C.C. Art. 198, and the Supreme Court holding in Babineaux v. PernieBailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
This court has heretofore held that a child who is presumed to be the legitimate child of the mother's husband under LSA C.C. Art. 184 cannot also be the legitimated child under LSA C.C. Art. 198 of the actual father and mother by their subsequent marriage. George v. Bertrand, 217 So.2d 47 (La.App. 3rd Cir. 1968),[7] writ refused 253 La. 647, 219 So.2d 177, cert. denied 396 U.S. 974, 90 S.Ct. 439, 24 L.Ed.2d 443. See also Succession of Barlow, 197 So.2d 682 (La.App. 4th Cir. 1967), application den. 250 La. 917, 199 So.2d 921 (1967). We do not find that this holding has been overruled in Babineaux v. PernieBailey Drilling Co., supra.
Although no dispute seems to be made of the fact, attorneys for both parties herein are apparently of the impression that the district court set attorney's fees for the defendantminor child's court appointed attorney. However, there is no indication in the record that such a fee was fixed by the trial court and we feel that under the circumstances it is just and equitable that the case be remanded solely for the purpose of permitting the trial judge to fix that fee, revising his judgment accordingly, also taking into account the additional services which the attorney was required to perform in connection with this appeal. LSA C.C.P. Art. 2164, Cannon v. Cannon, 242 So.2d 291 (La.App. 4th Cir. 1970).
For the above and foregoing reasons, the judgment of the trial court is affirmed and this cause is remanded for the sole purpose of fixing attorney's fees. Costs of this appeal are assessed to appellant.
Affirmed and remanded.
NOTES
[1] This fact was brought to the attention of the Court by supplemental brief on behalf of the plaintiff (with a copy of the marriage license attached).
[2] The Supreme Court recently, however, in Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972) did indicate in Footnote 7 that it was aware of the issue, but such was not before the court and no comment thereon would be necessary.
[3] In Melancon this court held in effect that a child born more than 300 days after a voluntary separation as well as 300 days after a preliminary default in a suit for divorce, was still presumed to be the child of the marriage which was yet to be dissolved by a final judgment of divorce.
[4] Although we recognize this to be strictly dicta, inasmuch as the blood tests, as hereinafter indicated in this opinion, revealed that the plaintiff could not be excluded as the father, we opine that it was the intention of the legislature in enacting Act 521 of 1972 (LSA R.S. 9:396 et seq.) to provide an additional ground for disavowal. As indicated in Smith v. Smith, 300 So.2d 205, (La.App. 3rd Cir. 1974), however, this statute does not mean that the procedural provisions of the code, such as prescription or loss of the right to bring an "action en desaveau" are eliminated. Thus, if as a result of the blood tests the experts conclude that the alleged father cannot genetically be the actual father of the child, we opine the action for disavowal should be sustained without proving any of the other grounds for disavowal under C.C. Arts. 185 et seq. It is also recognized that there may be a split of opinion of the members of this court on this question. See Brugman v. Prejean, 288 So.2d 702 (La.App. 3rd Cir. 1974).
[5] Kaufman v. Kaufman, 146 So.2d 199 (La. App. 4th Cir. 1962); Singley v. Singley, 140 So.2d 546 (La.App. 1st Cir. 1962); but see also Peltus v. Feltus, 210 So.2d 388 (La.App. 4th Cir. 1968), where plaintiff was allowed to disavow a child due to "remoteness".
[6] Lewis v. Powell, 178 So.2d 769 (La.App. 2nd Cir. 1965) and cases cited therein.
[7] But see dissent by Judge (now Justice) Albert Tate in George and Footnote 12 in Babineaux v. Pernie-Bailey Drilling Co., supra.