GULOTTA, Judge.
In this disavowal suit the child, through the appointed curator ad hoc, appeals from the trial court judgment decreeing that plaintiff “is not the father of the minor child, Sophia Rebecca Thompson.” • We affirm.
Michael Thompson and Mary Thompson, the mother of the child, were judicially separated on November 22, 1972. The child was born on January 20, 1976. This disavowal suit was commenced on June 4, 1976 and the parties were divorced on April 4, 1977. According to plaintiff no reconciliation, cohabitation or sexual intercourse took place between the parties subsequent to the date of the judicial separation. The curator, on the other hand, claims that on one occasion (in March or April 1975) the parties engaged in sexual intercourse and that plaintiff is the father of the child.
The curator further claims that a favorable presumption of paternity exists when a child is born within three hundred days of dissolution of the marriage. According to the curator this presumption is set forth in Act 430 of the 1976 Louisiana Legislature and incorporated in LSA-C.C. Article 185. Although the new act was effective on October 1, 1976, the curator claims this Act, procedural or remedial in nature, has retroactive effect and is applicable to the child born on January 20, 1976. The curator argues that the earlier LSA-C.C. Articles 186 and 187 (before the 1976 enactment which created a presumption that a child born more than three hundred days after a judicial separation is not presumed to be a child of the husband) are not applicable. Applying the New Act retroactively, curator claims that the child was born prior to the divorce and the presumption exists that the husband, Michael A. Thompson, is the father of the child.
A determination of whether the 1976 Act is substantive or procedural and whether the Act has retroactive effect is unnecessary in the instant case. Applying either the codal provisions on legitimacy (LSA-C.C. Articles 184 through 192) as amended in 1968, hereinafter referred to as the old law, or applying the 1976 Act, hereinafter referred to as the new law, we reach the same result.
Civil Code Article 188 prior to the enactment of the 1976 Act, provided:
“The legitimacy of the child born three hundred days after the separation from bed and board has been decreed, may be contested, unless it be proved that there had been cohabitation between the husband and wife since such decree, because it is always presumed that the parties have obeyed the sentence of separation. But in case of voluntary separation, cohabitation is always presumed, unless the contrary be proved.”
In Kaufman v. Kaufman, 146 So.2d 199 (La.App. 4th Cir., 1962), we said that a child born more than three hundred days after the judicial separation is not presumed to be the child of the husband unless it can be proved that there had been cohabitation between the husband and wife since the decree. Our brothers in the Second Circuit in Ford v. Ford, 292 So.2d 275, (La.App. 2nd Cir., 1974) stated that the burden of proof of cohabitation following the legal separation is with the wife since the law presumes the parties have not cohabitated since a separation decree. See also, Singley v. Singley, 140 So.2d 546 (La.App. 1st Cir., 1962); Enterkin v. DeVaux, 272 So.2d 784 (La.App. 3rd Cir., 1973).
Under the new law, the 1976 Act, a child born within three hundred days after the dissolution of the marriage is presumed to be the child of the husband.[1] A divorce, and not a judicial separation, dissolves a marriage. LSA-C.C. 159. New Civil Code *1326 Article 187 (since the 1976 Act) provides the husband can disavow paternity if he proves by a preponderance of the evidence facts which reasonably indicate that he is not the father.
Under the old law where a child has been born three hundred days after the separation from bed and board, the wife has the burden of showing cohabitation between herself and her husband; however, under the new law where a child has been born within three hundred days of the dissolution of the marriage the husband bears the burden of proving by a preponderance of the evidence that he is not the father. Applying either the old or the revised Civil Code articles we conclude the husband has successfully carried his burden of proof while the wife has failed to carry her burden.
The trial judge concluded, in oral reasons, that plaintiff proved by a preponderance of the evidence and “in fact far beyond the normal concept” that he was not the father of the child. The trial judge simply believed the husband’s testimony that no sexual intercourse occurred between the parties subsequent to the November 22, 1972 judicial separation. He clearly rejected the mother’s testimony of one sexual episode in March or April of 1975.
Plaintiff’s testimony, regarding the March or April, 1975 episode, to a large extent, was corroborated by a witness who stated that she was present at the time of the alleged meeting between the parties in plaintiff’s apartment and during that visit no sexual intercourse took place. This testimony was in contradiction of the mother’s testimony.
Furthermore, other witnesses testified to the strained and unpleasant relationship between the parties from 1972 through 1976. It is also clear from the record that nonpayment of alimony and rules for accrued alimony brought by the wife contributed to the unpleasant atmosphere. Under the circumstances, we cannot say the trial judge erred in accepting plaintiff’s testimony and concluding that he proved by a preponderance of the evidence that he was not the father of the child. Conversely, applying the old law the wife failed to carry the burden of proof of cohabitation. See Ford v. Ford, supra.
Having so concluded, we affirm the judgment of the trial court.

AFFIRMED.

. Art. 184. The husband of the mother is presumed to be the father of all children bom or conceived during the marriage.
Art. 185. A child bom less than three hundred days after the dissolution of the marriage is presumed to have been conceived during the marriage. A child bom three hundred days or more after the dissolution of the marriage is not presumed to be the child of the husband.