366 So.2d 1016 (1978)
Danny A. DUFRENE
v.
Kathy Bradford DUFRENE.
No. 12330.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
Francis Dugas, Thibodaux, for petitioner and appellee.
John T. Bourgeois, Thibodaux, for defendant and appellee.
Christopher M. Smith, Golden Meadow, for defendant and appellant.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
In this disavowal action the attorney for the child appealed from the ruling that plaintiff was not the father of the child.
The issue is the validity of the use of blood tests to disprove paternity. We affirm.
Defendant, Kathy Dufrene, abandoned her husband and their legitimate child in April, 1976, to accompany a male companion to California. She returned to Louisiana in July and lived in her husband's house for three days. She claims she had sexual intercourse with her husband; he denies any.
*1017 On November 19, 1976 the husband obtained a legal separation on the ground of abandonment. On March 16, 1977 the husband obtained a divorce based on adultery. Seven days before the divorce was granted the subject of the disavowal action was born.
The most recent amendments to Revised Civil Code Articles 184 through 190 retains in Art. 184 the basic premise that the husband of the mother is presumed to be the father of all children born or conceived during the marriage. However, Article 187 now provides that a husband can disavow a child if he proves by a preponderance of the evidence any facts which reasonably indicate that he is not the father. The Official Comments under this article includes as an example of such evidence blood grouping test results or any other reliable scientific results that preclude paternity.
Blood tests to determine paternity have been recognized by the Legislature in The Uniform Act on Blood Tests to Determine Paternity (LSA-R.S. 9:396 et seq.). The paucity of cases interpreting the act may be ascribed to the fact that in most instances blood tests are not determinative of paternity. However, in this case the possibility of paternity is excluded by the findings[1] of the court appointed expert.
Appellant relies on Brugman v. Prejean, 288 So.2d 702 (3d Cir. 1974) for the proposition that a new cause of action for disavowal based upon blood tests was not created by LSA-R.S. 9:396 et seq. This confidence is misplaced. The holding of that case is that even in the case of blood tests the code articles limiting the disavowal action, specifically Art. 190, would still be applicable. The overly broad and ambiguous statement that the Uniform Act did not create a new cause of action should be held to have been limited by the clause, "not subject to the provisions of the Louisiana Civil Code," and by the holding of the case. This holding was more exactly stated in Smith v. Smith, 300 So.2d 205 (3d Cir. 1974).
At any rate the question has now been made moot, we believe, by the 1976 amendment to Art. 187.
For these reasons we affirm the judgment. Since the appellant is the attorney appointed to represent the child we tax the costs to the appellee.
AFFIRMED.
NOTES
[1] The expert's conclusions in this case are as follows:

"There is a contradiction to the laws of theoretical expectancy in that a child who is NN must have inherited the N gene from both parents. The mother is type MN and the baby could have inherited one N gene from her. However, the alleged father is type MM and does not have an N gene for this child to inherit. Paternity is therefore excluded."