393 So.2d 278 (1980)
Willie Mae McGOWAN, Individually and in her Capacity as Tutrix on Behalf of Mary Lee Wilson
v.
Joseph Milton POCHE.
No. 13762.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
*279 Nelson D. Taylor and Gail Horne Ray, Baton Rouge, for plaintiff-appellant Willie Mae McGowan, Individually and in her capacity as tutrix on behalf of Mary Lee Wilson.
Kenneth R. Williams and Stephen C. Riedlinger, Baton Rouge, for defendant-appellee Joseph Milton Poche.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
The question raised by plaintiff in this appeal is res nova. The issue is whether the procedural device of summary judgment is available in a paternity suit in which blood tests are admitted as evidence or whether there must be a full trial with an examination of the expert who has performed the blood tests. We find the procedural device of summary judgment is not appropriate and therefore reverse and remand.
Plaintiff-appellant Willie Mae McGowan, individually and in behalf of the minor Mary Lee Wilson, filed a paternity suit naming Joseph Milton Poche as defendant. Ms. Wilson sought to have Mr. Poche declared to be the biological father of Mary Lee Wilson and asked for $400.00 monthly for the child's support.
Plaintiff moved to have the court appoint experts to conduct blood tests in accordance with LSA-R.S. 9:396 et seq. The court appointed the Pathology Clinic to conduct the tests. After analyzing samples of blood taken from Willie Mae McGowan, Mary Lee Wilson and Joseph Milton Poche, Dr. Albert McQuown of the Pathology Clinic rendered a report stating he found a double exclusion of paternity. The report reads as follows:
"There is a contradiction to the laws of theritical (sic) expectancy in the following:
1. A father of group ee with a female of group ee can not have a child of group Ee.
2. A father of group Lea(+), Leb(-) with a female of group Lea(-), Leb(-) can not have a child of group Lea(-), Leb(+).
"Since the alleged father (Mr. Poche) is group O CDe/ce, Lea(+), Leb(-) and Mrs. McGowan is O cDe/ce, Lea(-), Leb(-) there exists a double exclusion of paternity."
Dr. McQuown subsequently stated his findings in an affidavit which was filed into the court record. Defendant moved for a summary judgment in accordance with La. Code Civ.P. art. 966, asserting the pleadings and affidavit showed there was no genuine issue of material fact. In opposition to the motion plaintiff filed an affidavit stating Joseph Poche was the biological father of Mary Lee Wilson and no one else could possibly be the father in that Mr. Poche was the only individual with whom she had sexual intercourse near the probable date of conception. The Family Court granted the motion for summary judgment stating in the judgment the defendant was not the biological father of Mary Lee Wilson.
Plaintiff appealed, arguing the language of LSA-R.S. 9:397 precludes the use of a summary judgment. A summary judgment is available under La.Code Civ.P. art. 966 *280 and is appropriate in all cases where the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. The language of LSA-R.S. 9:397 is as follows:
"The tests shall be made by experts qualified as examiners of blood types who shall be appointed by the court. The experts shall be called by the court as witnesses to testify to their findings and shall be subject to cross-examination by the parties. Any party or person at whose suggestion the tests have been ordered may demand that other experts, qualified as examiners of blood types, perform independent tests under order of court, the results of which may be offered in evidence. The number and qualifications of such experts shall be determined by the court."
The effect of the blood tests is specified in LSA-R.S. 9:397.2
"If the court finds that the conclusions of all the experts, as disclosed by the evidence based upon the tests, are that the alleged father is not the father of the child, the question of paternity shall be resolved accordingly. If the experts disagree in their findings or conclusions, the question shall be submitted upon all the evidence. If the experts conclude that the blood tests show the possibility of the alleged father's paternity, admission of this evidence is within the discretion of the court, depending upon the infrequency of the blood type."
Plaintiff was given additional time in which to employ another expert or to otherwise challenge the validity of the blood tests, but failed to do so. The question of paternity was then resolved in favor of defendant by granting of his motion for summary judgment.
Plaintiff contends although summary judgment would ordinarily be appropriate, the specific language of LSA-R.S. 9:397 mandates the experts "shall be called by the court as witnesses" and "shall be cross-examined" so as to preclude the use of a summary judgment. We have resorted to the general rules of construction of statutes to solve this matter.
The procedural device of a summary judgment is generally available in all types of civil cases. It is found in the Louisiana Code of Civil Procedure, Book II (Ordinary Proceedings), under Title I (Pleadings), Chapter 4 (Written Motions). Therefore, without specific limitations, this device should be available in any ordinary proceeding. Plaintiff insists the language of LSA-R.S. 9:397 carves out an exception to the general availability of the summary judgment. We agree. La.Code of Civ.P. art. 966 can be given no effect in the context of a paternity suit involving blood tests.
It is a general rule of statutory construction that a court should construe an expression in a statute so as to give it effect rather than to render it meaningless. Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App.3d Cir. 1976).
A careful reading of the Uniform Act on Blood Tests to Determine Paternity, enacted as R.S. 9:396 et seq., leads us to the conclusion our legislature intended, due to the nature of the subject matter, to provide a carefully regulated evidentiary procedure having precedence over laws of general applicability. At the beginning of the first section of the Act is the familiar proviso negating any other provision of law to the contrary.
The thrust of the statute is to make available scientific evidence, adduced through medical experts appointed by the court and called to testify by the court. Appropriately, the right to cross-examine these experts is mandatorily reserved for both sides to the controversy. The language is explicit and must be given effect. The underlying reason for the right to cross-examine is set forth in an interesting article on the subject of blood tests to determine paternity. It is explained:
"The wisdom of the provision providing for cross-examination of experts cannot be over-emphasized, since blood test results *281 are not quite cut and dried. Crossexamination might point out the less than conclusive nature of the particular tests administered, or develop evidence of scientific disagreement as to the significance of its results. The possibility exists that the tests were inefficiently administered." Harris, Some Observations on the Un-Uniform Act on Blood Tests to Determine Paternity, 9 Villanova Law Review 59, (1963). See footnote 27, at p. 66.
When one examines the conclusions of Dr. McQuown, contained in his report and in his affidavit, the need for emphasis on the right to cross-examine becomes apparent. In his report, Dr. Quown stated "there exists a double exclusion of paternity." In his affidavit, Dr. McQuown concludes: "the laws of theoritical expectancy indicate that Joseph Milton Poche is not the father of Mary Lee Wilson, child of Willie Mae McGowan." Obviously, there is no definitive evidence before the court and expert knowledge is called for to explain in lay terms the probabilities of paternity. Crossexamination is by far the most suitable tool to explore for meaning of the scientific terms.
Assuming, arguendo, a summary judgment is appropriate in cases involving the use of blood tests to determine paternity, and pretermitting the question of whether there existed a genuine issue of material fact, we find mover was not entitled to summary judgment as a matter of law. La.Code Civ.P. art. 966. The statute clearly requires the appointment of experts who shall be called by the court to testify to their findings. Here, the court designated the Pathology Clinic to conduct the tests. Experts were not appointed. Dr. McQuown responded as the Director of the Clinic. Such procedure is clearly not contemplated by the statute. At least two individual experts should have been appointed.
For the foregoing reasons, the judgment of the Family Court is reversed and this case is remanded for further proceedings consistent with this opinion. Defendant-appellee is to pay all costs of this appeal.
REVERSED AND REMANDED.