MARVIN, Judge.
A six-year — old appeals a judgment disavowing her paternity, contending that her peremptory exceptions to the action should have been sustained notwithstanding that blood tests conclusively support the judg *917 ment. We agree and reverse and render judgment dismissing her father’s demands. Pounds v. Schori, 377 So.2d 1195 (La.1979).
The Uniform Act on Blood Tests to Determine Paternity (LRS 9:396-398) was enacted in 1972. This child’s parents married June 16,1973, and lived together until October 1975. This child was born March 2, 1974, and the plaintiff father recognized her as his child even to the extent of seeking her legal custody in the divorce action which was instituted in 1979.
Because the paternity of another child, born to the mother some nine months before the marriage, arose as an issue in the divorce action when the mother sought child support, the plaintiff father invoked the blood test requirement of LRS 9:396 on the six-year-old as well. The plaintiff father then filed supplemental pleadings to disavow the six-year-old appellant, alleging that his wife “deceived” him about the paternity of the child and that for “reasons beyond his control” he was not able to file the disavowal suit until the results of the blood tests were revealed to him. The child filed the peremptory exceptions of prescription and no cause of action.
Plaintiff’s latter allegations (reasons beyond his control) derive from C.C. Art. 189, which was amended with the other articles on disavowal by Act 430 of 1976 to read:
“A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability.”
Prior to the 1976 amendment the pertinent articles read:
“Art. 185 The husband can not by alleging his natural impotence, disown the child; he can not disown it even for cause of adultery, unless its birth has been concealed from him, in which case he will be permitted to prove that he is not the father.”
“Art. 191 In all the cases above enumerated, where the presumption of paternity ceases, the husband of the mother, if he intends to dispute the legitimacy of the child, must do it within six months from the birth of the child, if he be in the parish where the child is born, or within six months after his return, if he be absent at that time, or within six months after the discovery of the fraud, if the birth of the child was concealed from him; or he shall be barred from making any objection to the legitimacy of such child.”
Whether the Paternity Blood Test Law, LRS 9:396, provides an additional ground for disavowal of a child is a question which has not been answered uniformly. See and compare Dugas v. Henson, 307 So.2d 650 (La.App.3d Cir. 1975) and Brugman v. Prejean, 288 So.2d 702 (La.App.3d Cir. 1974). The Supreme Court has answered, however, that the 1976 amendments to the disavowal articles are not to be given retrospective effect where the time for bringing an action to disavow under the former C.C. Art. 191 has tolled. Pounds v. Schori, supra. The six-months time limit in which to bring the action to disavow under C.C. 191 is a period of peremption (forfeiture) rather than of prescription. If the action is not brought within the time provided, the cause of action is extinguished or forfeited. See Succession of Saloy, 44 La.Ann. 433, 10 So. 872 (1892); Pounds, supra. See Comment by Shuey, “Legal Rights and the Passage of Time”, 41 La.L.R. 220 (1980).
Under the circumstances of this case, the peremptory exception of no cause of action should have been sustained. Pounds, supra. The judgment appealed is reversed and
IT IS ORDERED that the demands of plaintiff to disavow his daughter, born March 2, 1974, are hereby rejected at his cost.
REVERSED AND RENDERED.