417 So.2d 1367 (1982)
Eugene August JACOB, Jr.
v.
Toby Shane JACOB and Deborah Fincher Jacob.
No. 13047.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1982.
Manuel A. Fernandez, Chalmette, for defendants-appellees.
Richard A. Tonry, J. D., Chalmette, Floyd J. Reed, J. D., New Orleans, for plaintiff-appellant.
Before GULOTTA, GARRISON and BARRY, JJ.
*1368 BARRY, Judge.
Plaintiff appeals a lower court decision which refused to order blood tests and dismissed his petition to disavow a child born during his marriage.
Plaintiff obtained an uncontested legal separation on October 24, 1978 and a divorce on August 16, 1980.[1] The child was born March 22, 1979 before dissolution of the marriage, therefore presumption of paternity is clearly applicable. La.C.C.Art. 184, 185.[2]
Plaintiff's suit to disavow was filed against his ex-wife and the child and asked that all parties submit to a blood test. The wife never answered and the child, through a curator ad hoc, filed a general denial. At the hearing to show cause whether blood tests should be ordered, the transcript shows the curator "interposed objection and exception to proceeding with evidence on blood test(s)", but no written exception is in the record. The Trial Judge heard argument, apparently on an oral exception of no cause of action, then stated he agreed with the curator's position and the "exception will be maintained". The court then allowed plaintiff to testify, subject to the exception, after which it rendered a "Judgment on Exception of No Right of Action" wherein the "exception of no cause of action" was maintained.
In written reasons the Trial Judge said: "In this case, the child was certainly born within the presumptive period. Theefore (sic), presumption of paternity does exist, and the court finds that the petitioner does not have the right to bring this action requesting that the child and the mother submit to blood tests." The court stated it also took into consideration LSA-C.C. Art. 189[3] and concluded "the petitioner knew or should have known about the birth of the child". We affirm, but for the following reasons.
The district court's reasoning (adopted in the curator's brief) that presumption of paternity precludes a request for a blood test is clearly wrong. The purpose of R.S. 9:396[4] is to provide a way to rebut the strong presumption of paternity. The statute mandates a blood test and a request is not discretionary if made timely.
In order to rebut the presumption of paternity a petition to disavow must be filed within one hundred eighty days subject to the provisions of La.C.C. Art. 189. Plaintiff's suit was filed July 17, 1981, approximately two years and four months after the child's birth.
Plaintiff alleges in his petition he learned of the child's birth on March 14, 1981 and testified he did not have any contact with his wife after May 24, 1978. The wife/mother testified she saw her husband *1369 twice when she was 7 months pregnant (wearing maternity clothes) and also saw his aunt and cousins during her pregnancy. In his reasons the Trial Judge noted the parties lived in small communities several miles apart, the wife made no effort to conceal her pregnancy, and concluded plaintiff knew or should have known about the child's birth. Plaintiff does not contend "remoteness" nor that his wife attempted to conceal her pregnancy.
Plaintiff's primary contention is that LSA-R.S. 9:396 mandates blood tests be ordered in limine when the motion is by a party to the proceeding and cites McGowan v. Poche, 393 So.2d 278 (La.App. 1st Cir. 1980) to show the curator's exception should have been dismissed. However, McGowan pertains to use of summary judgment and is inapplicable here.
Plaintiff's argument seeks to make the blood test act exclusive so that it supercedes codal provisions, statutes and jurisprudence pertaining to paternity. We disagree. Results of a blood test provide only one of several possible ways to present "any facts" in order to negate paternity.[5] La. C.C. Art. 187.[6] (See Official Revision Comments under Art. 187. R.S. 9:396 does not provide a time limitation for blood tests to be requested, but this does not mean codal procedures are to be ignored or negated. Absent a clear expression to the contrary, we feel the legislature did not intend to circumvent the clear prescriptive provision of Art. 189. As a practical matter, a parent seeking to disavow should not be allowed to use R.S. 9:396 at any time regardless of the circumstances. For an extreme example, see Redmon v. Redmon, 391 So.2d 916 (La. App. 2nd Cir. 1980).
We conclude the one hundred eighty day limit to bring suit to disavow under Art. 189 is a period of peremption (forfeiture). In Pounds v. Schori, 377 So.2d 1195 (La.1979) the Supreme Court held former C.C. Art. 191[7] peremptive and said at p. 1200:
"The concept that the legal status of a child presumed to be legitimate has, at least by implication, been one of the underlying reasons for our traditional and historical position of zealously guarding and enforcing the presumption created by Article 184, above. Our jurisprudence reflects unwavering dedication to the rule of strict construction of the articles governing disavowal actions. The fundamental end achieved thereby is, of course, preservation of the family unit, the foundation of our society. Further considerations are the stigma of illegitimacy and resultant disinherison attendance upon a successful disavowal action." (Emphasis in original.)
Despite the more liberal approach to disavowal as a result of Act 430 of 1976, Louisiana still adheres to its strong policy of protecting innocent children born during marriage against attacks of paternity. We maintain the integrity of that policy by holding the strict construction of Art. 189 exclusive and its time limitation applicable to any entitlement under R.S. 9:396. See Mock v. Mock, 411 So.2d 1063 (La.1982).
Whether the lower court maintained an exception of no right or no cause of action *1370 isn't clear. But since Art. 189 is peremptive an exception of no right of action is appropriate[8] and can be supplied by the district or appellate court ex proprio motu. Therefore, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] The petition sets forth August 16, 1980 whereas plaintiff testified he was divorced April 16, 1980.
[2] La.C.C. Art. 184

The husband of the mother is presumed to be the father of all children born or conceived during the marriage. (Amended by Acts 1976, No. 430, § 1.)
La.C.C. Art. 185
A child born less than three hundred days after the dissolution of the marriage is presumed to have been conceived during the marriage. A child born three hundred days or more after the dissolution of the marriage is not presumed to be the child of the husband. (Amended by Acts 1976, No. 430, § 1.)
[3] La.C.C. Art. 189

A suit for disavowal of paternity must be filed within one hundred eighty days after the husband learned or should have learned of the birth of the child; but, if the husband for reasons beyond his control is not able to file suit timely, then the time for filing suit shall be suspended during the period of such inability. (Amended by Acts 1976, No. 430, § 1.)
[4] LSA-R.S. 9:396

Notwithstanding any other provision of law to the contrary, in any civil action in which paternity is a relevant fact, or in an action en desaveu, the court, upon its own initiative or upon request made by or on behalf of any person whose blood is involved may, or upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests. If any party refuses to submit to such tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require.
[5] The validity of blood tests to disprove paternity has been established and was the only basis for disavowal in Dufrene v. Dufrene, 366 So.2d 1016 (La.App. 1st Cir. 1978). Compare Dugas v. Henson, 307 So.2d 650 (La.App. 3rd Cir.) writ denied, 310 So.2d 851 (La.1975) and Brugman v. Prejean, 288 So.2d 702 (La.App. 3rd Cir. 1974).
[6] La.C.C. Art. 187

The husband can disavow paternity of a child if he proves by a preponderance of the evidence any facts which reasonably indicate that he is not the father. (Amended by Acts 1976, No. 430, § 1.)
[7] La.C.C. Art. 191 (Repealed by Acts 1976, No. 430 § 2)

"In all the cases above enumerated, where the presumption of paternity ceases, the husband of the mother, if he intends to dispute the legitimacy of the child, must do it within six months from the birth of the child, if he be in the parish where the child is born, or within six months after his return, if he be absent at the time, or within six months after the discovery of the fraud, if the birth of the child was concealed from him; or he shall be barred from making any objection to the legitimacy of such child."
[8] The exception of no cause of action was sustained in Redmon v. Redmon, 391 So.2d 916 (La.App. 2nd Cir. 1980).