KNOLL, Judge.
In this disavowal action, the minor child, Joshua Lane Anding, appeals the trial court’s ruling that plaintiff, Curtis Anding, is not his father. The sole issue is whether Mr. Anding proved by a preponderance of the evidence, as required by LSA-C.C. Art. 187, any facts which reasonably indicate that he is not the father of the child. For the following reasons, we reverse.
FACTS
Curtis Anding and Donna Griffith And-ing were married in February 1981. They physically separated during the third week of August 1983. The trial court granted Mr. Anding a separation in November 1983 on grounds of abandonment. On April 24, 1984, approximately eight months after their physical separation, Mrs. Anding gave birth to Joshua Lane Anding, whose paternity is the subject of this litigation. In August 1983, Mr. Anding filed a petition for divorce on grounds of his wife’s alleged adultery. Mrs. Anding filed an answer, denying these allegations, but she made no appearance when the trial court rendered a judgment of divorce in favor of Mr. Anding on July 3, 1984. Three days later, he filed this action to disavow Joshua Lane. Mrs. Anding made no appearance at the disavowal action, but counsel was appointed to represent Joshua Lane. The only witnesses called at trial were Mr. Anding and two of his relatives. The trial court entered judgment in favor of Mr. Anding, disavowing paternity.
DISAVOWAL
LSA-C.C. Art. 184 provides:
“The husband of the mother is presumed to be the father of all children bom or conceived during the marriage. ”
The presumption of paternity created by this provision has been referred to as “the strongest presumption known in law.” Feazel v. Feazel, 222 La. 113, 62 So.2d 119 (1962).
LSA-C.C. Art. 187 provides:
“The husband can disavow paternity of a child if he proves by a preponderance of the evidence any facts which reasonably indicate that he is not the father. ”
The preponderance of the evidence test for disavowal under C.C. Art. 187 is interpreted as requiring proof of facts susceptible of independent verification, or of corrobora *509 tion by physical data or evidence, such as scientific tests and the verifiable physical circumstance of remoteness. This is a heavier than usual preponderance of the evidence burden, even though significantly more liberal than before the 1976 amendment of the paternity articles of the Civil Code. Welch v. Welch, 465 So.2d 945 (La. App. 2nd Cir.1985); Mock v. Mock, 411 So.2d 1063 (La.1982).
In the instant case, the record is void of any evidence of scientific tests or of the husband’s sterility. Therefore, we must determine the legal sufficiency of the evidence of remoteness of the husband from the wife that would make cohabitation unlikely at the probable time of conception. While this determination, which sometimes concerns a question of credibility, is best made by the trial court, the appellate court is constitutionally obligated to review facts to determine whether the total evidence, viewed most favorably to the trial court’s result, is legally sufficient to overcome the presumption of paternity that remains strong and viable, although rebuttable, and which is the legal solution to the problem of proving biological fatherhood. Hall v. Hall, 404 So.2d 1328 (La.App. 2nd Cir.1981); Ogea v. Ogea, 378 So.2d 984 (La.App. 3rd Cir.1979), writ refused, 379 So.2d 1104 (La.1980).
Mr. Anding admits having sexual intercourse with his wife at least twice during the probable months of conception. Joshua Lane was born eight months after the Andings physically separated. Further, the record is void of any evidence of the verifiable physical circumstance of remoteness of Mr. Anding from his wife when the child was conceived. The record convinces us that Mr. Anding failed to prove any facts which would reasonably indicate that he is not the father of the child.
The trial court granted the disavowal solely on Mr. Anding’s testimony, which was corroborated by the testimony of two of his relatives. Mr. Anding testified that his wife was having an affair with another man, whom he implies is the child’s father. However, his testimony and that of his witnesses neither support the allegations of adultery nor rebut the strong presumption of paternity. The fact that Mrs. Anding made no appearance at the disavowal action does not relieve Mr. Anding of his heavy burden of proof since a disavowal action is against the child. See Hall v. Hall, supra. We, therefore, find the trial court committed manifest error in finding that Mr. Anding proved, by a preponderance of the evidence, facts that reasonably indicate that he is not the father of the child.
MOTION TO REMAND
Pending appeal, and shortly before the case was submitted, Mr. Anding filed a motion to remand the suit for the introduction of new evidence, i.e., the results of blood tests which allegedly exclude him as the father of the minor child. The motion was opposed on grounds that Mr. Anding could have obtained a court order compelling blood testing pursuant to LSA-R.S. 9:396, and further, that he failed to comply with R.S. 9:396, which provides as follows:
“Notwithstanding any other provision of law to the contrary, in any civil action in which paternity is a relevant fact, or in an action en desaven, the court, upon its own initiative or upon request made by or on behalf of any person whose blood is involved may, or upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests. If any party refuses to submit to such tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require. ” (Emphasis add-_ ed.)
The authority of an appellate court to remand an action to the trial court for proper consideration is conferred in part by LSA-C.C.P. Art. 2164, which provides in pertinent part:

*510
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal....”

It is well settled that courts of appeal have the power to remand a case for the introduction of additional evidence if grave injustice might result from failure to do so. Emery v. Cabral, 400 So.2d 340 (La.App. 4th Cir.1981), writ denied, 405 So.2d 533 (La.1981); Jones v. LeDay, 373 So.2d 787 (La.App. 3rd Cir.1979); Roark v. May, 367 So.2d 397 (La.App. 3rd Cir.1978), writ denied, 368 So.2d 123 (La.1979). Although it is within the discretion of the reviewing court to remand a case for the introduction of additional evidence, such a procedure is sparingly exercised. Jones v. LeDay, supra. Guilott v. Guilott, 326 So.2d 551 (La.App. 3rd Cir.1976), writ denied, 330 So.2d 316 (La.1976); Herbert v. Travelers Indemnity Co., 255 La. 645, 232 So.2d 463 (1970).
The purpose of R.S. 9:396 is to provide a way to rebut the strong presumption of paternity. The statute mandates a blood test and a request is not discretionary if made timely. Jacob v. Jacob, 417 So.2d 1367 (La.App. 4th Cir.1982).
The record shows that Mr. Anding could have requested blood tests pursuant to R.S. 9:396 during earlier stages of the proceedings but failed to do so. It was not until after the appellate briefs were filed that he attempted to introduce evidence of blood tests. The record is void of any explanation or extenuating circumstances which would justify his failure to request blood tests earlier.
For the foregoing reasons, we reverse thé judgment of the trial court. Plaintiff’s disavowal suit is dismissed and the motion to remand is denied. All costs of this appeal are assessed to plaintiff-appellee, Curtis Anding.
REVERSED.