THE PEOPLE *ex rel.* CHRISTIE JEAN TILLERY, Plaintiff-Appellee, v. STEVEN P. GINSBERG, Defendant-Appellant.

Second District   No. 2—85—0159

Opinion filed March 17, 1986.

Kirk L. Miller, of Hall, Holmberg, Sloan, Roach, Johnston & Fisher, of Waukegan, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Claudia Hoogasian, Assistant State's Attorney, of counsel), for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

After a jury trial, the trial court entered judgment against defendant, Steven P. Ginsberg, finding that he is the father of Sarah E. Tillery. Defendant appeals, contending (1) that the trial court erred in denying his motion *in limine* to bar the introduction into evidence of the results of the paternity blood tests, on the basis that the tests were not made by experts *appointed* by the court; (2) that the trial court failed to admonish defendant of his statutory rights relating to appeal; and (3) that the complaint was insufficient to state a cause of action in paternity or to sustain a judgment because it did not allege that the child had never been adopted.

The paternity complaint was filed on February 26, 1982, alleging that Christie Tillery's child, Sarah Elizabeth, born on November 13, 1981, is living and that defendant is the father. Blood tests were ordered. On August 10, 1984, defendant filed a motion *in limine* which alleged, *inter alia,* that the blood tests performed on defendant were inadmissible because they were not conducted pursuant to statute. Specifically, defendant argued that because the persons who performed the blood tests were chosen by the State's Attorney's office, instead of being appointed by the court, the Act on Blood Tests to Determine Paternity had not been complied with. The trial court denied the motion, finding that although the tests were performed by other than appointed experts, defendant waived his right to object.

Defendant filed a post-trial motion in which he raised the same issues raised on appeal. The motion was denied.

Defendant first argues that the trial court erred in not *appointing* experts to perform the blood tests, as required by the Act on Blood Tests to Determine Paternity (Ill. Rev. Stat. 1983, ch. 40, par. 1402). Section 2 provides in part:

"The tests shall be made by experts, not to exceed three, duly qualified as examiners of blood types who shall be appointed by the court." (Ill. Rev. Stat. 1983, ch. 40, par. 1402.)

Defendant had not waived his right to object that the experts were not court appointed.

As no Illinois cases discuss the court's failure to appoint experts, defendant relies on *McGowan v. Poche* (La. App. 1980), 393 So. 2d 278, a case from another jurisdiction which also has adopted the Model Act On Blood Tests to Determine Paternity. The issue there was whether summary judgment was available in a paternity suit in which blood tests are admitted. After finding that summary judgment was inappropriate, the court stated that even if summary judgment was appropriate, the statutory requirement that at least *two individual* experts need to be appointed was not fulfilled. The court did not address the appointment issue.

In *Michael B. v. Superior Court* (1978), 86 Cal. App. 3d 1006, 150 Cal. Rptr. 586, the district attorney was ordered to make arrangements for a paternity defendant to take a blood test at a particular laboratory. The court found that as there was an objection to the district attorney making the arrangements, the court had not appointed an expert pursuant to the statutory provision that the blood tests be made by experts who shall be court-appointed. The reviewing court stated that the trial court would be ordered to appoint an expert pursuant to the statute, the choice of which expert being within the trial court's discretion. Similarly, in the instant case, the court did not appoint an expert as statutorily required, when the persons who performed the blood test were chosen by the State's Attorney's office. In fact, the court which heard the motion *in limine* found that section 2 had not been complied with. The issue then becomes whether the results of the blood tests should have been suppressed because of the noncompliance.

■ Defendant argues that the blood test results should not have been admitted and cites *Hansen v. Hansen* (1979), 119 N.H. 473, 476, 402 A.2d 1333, 1335, in which the experts who performed the paternity blood tests did not testify as statutorily required. However, while in *Hansen* the result of the noncompliance was that no experts were called to testify and no evidence was presented on the frequency of the blood type, in the instant case the noncompliance did

not result in harm to defendant. Defendant did not challenge the qualifications of those who performed the blood tests. Also, defendant does not argue that the blood test results were inadmissible for any other reason than that those who conducted the tests were not appointed by the court. As defendant does not argue any prejudice, there is no basis upon which to reverse the trial court's denial of defendant's motion *in limine.* See *People v. Legel* (1974), 24 Ill. App. 3d 554, 559 (courts of review will not reverse for harmless, technical or formal errors where substantial justice has been done); *People v. Anderson* (1971), 48 Ill. 2d 488, 493 (conviction will not be reversed where no prejudice argued); *People ex rel. Cizek v. Azzarello* (1980), 81 Ill. App. 3d 1102, 1107-08 (failure to advise a paternity defendant of his right to a court reporter's presence was not prejudicial).

Defendant next argues that the trial court erred in not advising him of his rights as set forth in section 14 of the Paternity Act. That section provides in part:

> "If on the trial of the issue the court or jury finds by a preponderance of the evidence that the defendant is the father of a child born out of wedlock, and the court enters a judgment to that effect, the judge shall, at the time such judgment is entered and again at the time of the entry of an order with respect to support as provided for in Section 9 of this Act, advise the defendant of his right to appeal, of his right to request the clerk to prepare and file a notice of appeal, and of his right, if indigent, to be furnished, without cost to him with a transcript of the proceedings at his trial and with counsel of [*sic*] appeal." Ill. Rev. Stat. 1983, ch. 40, par. 1366.

Judgment was entered on the jury's verdict on August 17, 1984. The order does not state whether defendant was admonished of his section 14 rights, and no report of proceedings or bystander's report for that date is part of the record. As defendant has not supplied a sufficiently complete record to support his claim of error, we will presume that the trial court conformed to the law. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.

In any event, defendant does not assert what harm resulted to him because the trial court did not admonish him of his rights relating to appeal. Defendant appealed and retained private appellate counsel; therefore, any failure of the trial court to admonish him of his right to appeal and to have counsel without cost was not prejudicial. Furthermore, failure to admonish him of his right to a free copy of the trial transcript, if indigent, could not have been prejudicial, as defendant's ability to retain private counsel demonstrates

that defendant would not have qualified for the free trial transcript. See *People ex rel. Cizek v. Azzarello* (1980), 81 Ill. App. 3d 1102, 1106-08.

■■ Defendant also argues that plaintiff's complaint was insufficient to state a cause of action and that therefore the trial court did not have subject matter jurisdiction. Specifically, defendant contends that the complaint had to allege that the child had not been legally adopted. Defendant relies upon *Cornmesser v. Laken* (1963), 43 Ill. App. 2d 324, *cert. denied* (1964), 379 U.S. 822, 13 L. Ed. 2d 32, 85 S. Ct. 43, which examined jury instructions to determine whether the lower court had failed to inform the jury of the issue whether the defendant was the father of plaintiff's child. The instructions stated that one of the elements necessary for the plaintiff to prove in order to establish defendant's paternity was that the child had never been adopted. The court did not determine whether the adoption of the child was a necessary element, and defendant provides no other authority that it is an element. But even assuming that the complaint defectively stated the cause of action, the court nevertheless had subject matter jurisdiction because the complaint clearly sounded in paternity. The jurisdiction of subject matter is the power to adjudge concerning the general question involved, and if a complaint states a cause belonging to a general class over which the authority of the court extends, the court has subject matter jurisdiction, and it is of no import that the complaint defectively states a cause of action. (*People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 459.) As defendant does not argue that the court did not have jurisdiction over paternity cases, we find that the court did have subject matter jurisdiction.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

HOPF and STROUSE, JJ., concur.